KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I dissent from Parts II A and B because I believe that genuine issues of material fact preclude an award of summary judgment based on timeliness grounds.
Adcor has successfully challenged each piece of evidence on which the district court relied in granting summary judgment. Adcor has presented affirmative evidence from which a reasonable fact-finder could determine that defendants’ witness Gordon was biased and incredible; hence, the district court erred in relying on his testimony as undisputed evidence. Darby’s knowledge of an unsubstantiated rumor does not establish facts that would lead a fair and prudent person, using ordinary care and thoughtfulness, to make further inquiry under the facts presented here. When Reiss’s several inconsistent depositions are considered and examined in a light most favorable to Adcor, it appears that Reiss did not believe that Bevcorp possessed the Crown drawings in the critical time before September 1999. Finally, when Goodell’s nonconflicting affidavit is considered, Goodell does not support the idea that Crown earlier contemplated suing Bevcorp for misappropriation.
Based on all of these limitations of defendants’ evidentiary support, I believe that there is a genuine issue of material fact as to when Adcor should have been on notice as to the possibility that the Connelly defendants misappropriated the Crown drawings. Thus, I would hold that defendants are not entitled to summary judgment on the statute-of-limitations issue. I respectfully dissent.